ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION IN WHICH YOU ASK, IN EFFECT:
 1. DOES A CONFLICT OF INTEREST EXIST IF, AFTER A SCHOOL DISTRICT PURCHASES EQUIPMENT FROM A COMPANY, A SCHOOL BOARD MEMBER WHO IS EMPLOYED BY THAT COMPANY AS A SALARIED SERVICE TECHNICIAN IS ELECTED?
 2. DOES A CONFLICT OF INTEREST ARISE IF THE SCHOOL DISTRICT ENTERS INTO A NEW MAINTENANCE CONTRACT AND/OR PURCHASES NEW EQUIPMENT AND SUPPLIES FROM THE COMPANY WHILE THE MEMBER IS SERVING ON THE BOARD IF THE MEMBER ABSTAINS FROM VOTING ON CONTRACTS?
BECAUSE YOUR REQUEST HAS PREVIOUSLY BEEN ADDRESSED IN AN ATTORNEY GENERAL OPINION, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER.
THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE ANALYSIS AND CONCLUSIONS WHICH FOLLOW, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
A REVIEW OF APPLICABLE LAW REFLECTS THAT TWO STATUTES PROVIDE OPERATIVE GUIDANCE IN THE RESOLUTION OF THESE QUESTIONS. TITLE 70 OF THE O.S., 5-124 (1991), PROVIDES, IN PART:
 "NO BOARD OF EDUCATION OF ANY SCHOOL DISTRICT IN THIS STATE SHALL MAKE ANY CONTRACT WITH ANY OF ITS MEMBERS OR WITH ANY COMPANY, INDIVIDUAL OR BUSINESS CONCERN IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED. ALL CONTRACTS MADE IN VIOLATION OF THIS SECTION SHALL BE WHOLLY VOID. A MEMBER OF A BOARD OF EDUCATION SHALL BE CONSIDERED TO BE INTERESTED IN ANY CONTRACT MADE WITH ANY COMPANY, INDIVIDUAL, OR ANY BUSINESS CONCERN IF SUCH MEMBER OF THE BOARD OF EDUCATION OR ANY MEMBER OF HIS IMMEDIATE FAMILY OWNS ANY SUBSTANTIAL INTEREST IN SAME. PROVIDED THAT FOR PURPOSES OF THIS SECTION ANY CONTRACT WITH A QUALIFIED NONPROFIT INTERNAL REVENUE CODE SECTION 501(C)(3) ORGANIZATION, EXCEPT FOR CONTRACTS PAYING SALARIES OR EXPENSES OR EXCEPT A CONTRACT INVOLVING THE COUNSELING OR INSTRUCTION OF STUDENTS OR STAFF, SHALL NOT BE CONSIDERED THE MAKING OF A CONTRACT. PROVIDED THAT FOR THE PURPOSES OF THIS SECTION MONTHLY BILLINGS SUBMITTED TO ANY SCHOOL DISTRICT IN THE STATE FOR PUBLIC UTILITY COMPANIES, ELECTRIC COOPERATIVES OR TELEPHONE COMPANIES, WHOSE SERVICES ARE REGULATED BY THE OKLAHOMA CORPORATION COMMISSION, OR BILLINGS OF SAID UTILITY COMPANIES, ELECTRIC COOPERATIVES OR TELEPHONE COMPANIES PERTAINING TO INSTALLATIONS OR CHANGES IN SERVICE, WHERE TARIFFS FOR SUCH CHARGES OR BILLINGS BY SAID COMPANIES ARE ON FILE WITH THE OKLAHOMA CORPORATION COMMISSION, SHALL NOT BE CONSIDERED THE MAKING OF A CONTRACT."
THE TWO EXCEPTIONS CONTAINED IN THAT SECTION HAVE NO BEARING ON THIS INFORMAL OPINION.
TITLE 62 O.S. 371 (1991), PROVIDES, IN PART:
 "NO BOARD OF COUNTY COMMISSIONERS, NOR CITY COUNCIL, NOR BOARD OF TRUSTEES OF ANY TOWNS, NOR ANY DISTRICT BOARD OF ANY SCHOOL DISTRICT IN THIS STATE, NOR ANY BOARD OF ANY LOCAL SUBDIVISION OF THIS STATE SHALL MAKE ANY CONTRACT WITH ANY OF ITS MEMBERS, OR IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED; AND ALL CONTRACTS MADE IN VIOLATION OF THIS SECTION SHALL BE WHOLLY VOID."
A PLAIN READING OF THESE SECTIONS REFLECTS THAT THEY ARE NOT INCONSISTENT. THEREFORE, IT IS NECESSARY FOR ANY PERSON AFFECTED BY THEM TO BE REQUIRED TO COMPLY WITH BOTH. INEXCO OIL CO. V. CORPORATION COMMISSION, 628 P.2D 362 (OKLA. 1981). THE EXTENT TO WHICH A BOARD MEMBER OF A SCHOOL DISTRICT IS CONSTRAINED BY THE LANGUAGE OF THESE ENACTMENTS HAS BEEN EXAMINED SEVERAL TIMES BY THIS OFFICE.
ATTORNEY GENERAL OPINION 83-153 DETERMINED THAT AN EMPLOYEE OF A BUSINESS CONCERN HAS AN INTEREST IN A CONTRACT BETWEEN THE BUSINESS CONCERN AND A PUBLIC BODY. (CF. UNITED STATES V. MISSISSIPPI VALLEY GENERATING CO., 364 U.S. 520,81 S.CT. 294, 5 L.ED. 2D 268 (1961); YOUNGBLOOD V. CONSOLIDATED SCHOOL DISTRICT NO. 3. PAYNE COUNTY, 230 P. 310 (OKLA. 1924).) IN A PRIOR OPINION, THIS OFFICE INTERPRETED THESE STATUTES TO PROVIDE THAT A BOARD MEMBER, OR HIS IMMEDIATE FAMILY, DOES NOT HAVE TO HAVE AN OWNERSHIP INTEREST IN A BUSINESS CONCERN IN ORDER FOR THERE TO EXIST A PROHIBITED DIRECT OR INDIRECT INTEREST IN THE BUSINESS. MERE EMPLOYMENT THEREBY WOULD BE SUFFICIENT. A.G. OPIN. NO. 83-119. THAT OPINION SPECIFICALLY FOUND THAT A PREVIOUS OPINION TO THE CONTRARY WAS IN ERROR.
THESE DETERMINATIONS FIND STRONG SUPPORT IN OPINIONS OF THE OKLAHOMA SUPREME COURT. THE SUPREME COURT HAS CONSISTENTLY RULED THAT THE DUTY A PUBLIC OFFICIAL OWES TO HIS OR HER POSITION IS THE HIGHEST IN LAW. STATE V. SOWARDS, 82 P.2D 324 (OKLA.CR. 1938). MORE RECENTLY, THE COURT ISSUED "A STRONG ADMONITION TO PUBLIC OFFICIALS":
 GOVERNMENT AGENCIES ARE UNIQUELY ENDOWED WITH THE POWER TO IMPLEMENT THE PUBLIC WILL, AND AS SUCH, ARE SUBJECT TO THE HIGHEST LEVELS OF SCRUTINY BY THE PEOPLE WHOM THEY SERVE. GOVERNMENT OFFICIALS AND EMPLOYEES MUST EXERCISE GREAT CARE TO AVOID EVEN THE APPEARANCE OF IMPROPRIETY IN THEIR DUTIES; FOR THEY, LIKE CAESAR'S WIFE, MUST BE ABOVE REPROACH.
WESTINGHOUSE ELECTRIC CORP. V. GRAND RIVER DAM AUTHORITY, 720 P.2D 713 (OKLA. 1986). SEE ALSO A.G. OPIN. NO. 88-088.
INFORMATION YOU HAVE SUPPLIED TO THIS OFFICE INDICATES THAT THE BOARD MEMBER, WHO IS A SERVICE TECHNICIAN FOR THE COMPANY WHICH CONDUCTS BUSINESS WITH THE SCHOOL BOARD, PERFORMS NO SERVICES FOR THE SCHOOL DISTRICT AND HAS NO CONTACT WITH THE DISTRICT THROUGH THE COMPANY. HOWEVER, GIVEN THE CLEAR GUIDANCE FROM PRIOR DECISIONS, THE KEY IS WHETHER THE BOARD MEMBER HAS AN INTEREST IN THE COMPANY. AS WAS NOTED IN A.G. OPINION 83-119, AN INTEREST IN A BUSINESS COULD BE ANYTHING OF A PECUNIARY OR PERSONAL NATURE WHICH WOULD TEND TO INTERFERE WITH THE BOARD MEMBER'S OBJECTIVE PERFORMANCE OF HIS PUBLIC DUTY. IN THIS LIGHT, AN EMPLOYEE WOULD ORDINARILY HAVE AN INTEREST IN HAVING HIS EMPLOYER SUCCEED IN BUSINESS. THUS, MERE EMPLOYMENT, UNDER PRIOR DECISIONS, WOULD BE AN INTEREST SUFFICIENT TO TRIGGER THE PROHIBITIONS OF 70 O.S. 5-124 AND 62 O.S. 371.
YOU HAVE FURTHER QUALIFIED YOUR FIRST QUESTION BY ASKING IF A CONTRACT IN EXISTENCE AT THE TIME AN AFFECTED BOARD MEMBER IS ELECTED TO OFFICE WOULD BECOME VOID. BOTH SECTION 5-124 AND SECTION 371 PROHIBIT THE MAKING OF SUCH A CONTRACT. PRIOR TO THE ELECTION OF AN AFFECTED MEMBER NO PROHIBITION WOULD EXIST. IF AN AFFECTED MEMBER IS LATER ELECTED, THE CONTRACT HAS ALREADY BEEN MADE. THERE IS NO LANGUAGE IN EITHER SECTION TO INDICATE THAT A CONTRACT WOULD LATER BECOME VOID BECAUSE OF SUCH CIRCUMSTANCES NOT IN EXISTENCE AT THE TIME OF ITS MAKING. SECTION 5-124 AND SECTION 371 PROHIBIT THE MAKING OF SUCH CONTRACTS ONLY. THEY ARE NOT RETROACTIVE.
YOUR SECOND QUESTION ASKS WHETHER AN AFFECTED BOARD MEMBER MIGHT AVOID A CONFLICT OF INTEREST BY ABSTAINING FROM BOARD OF EDUCATION VOTES ON MATTERS RELATED TO THE MEMBER'S EMPLOYER. A PLAIN READING OF THE STATUTES SHOWS CLEARLY THAT THE PROHIBITION APPLIES TO THE BOARD AS A WHOLE. (I.E.: "NO BOARD OF EDUCATION OF ANY SCHOOL DISTRICT IN THIS STATE SHALL MAKE ANY CONTRACT WITH ANY . . . BUSINESS CONCERN . . . IN WHICH ANY OF ITS MEMBERS SHALL BE DIRECTLY OR INDIRECTLY INTERESTED." (EMPHASIS ADDED.)) THE AFFECTED MEMBER'S VOTE WOULD BE IRRELEVANT. THE PROHIBITION IS ACTIVATED BY THE MEMBER'S MERE PRESENCE ON THE BOARD. TO THIS END, THE AFFECTED MEMBER COULD JUST AS EASILY VOTE AGAINST A CONTRACT, CONTRARY TO A MAJORITY. THE CONTRACT WOULD NONETHELESS BE VOID.
1. IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT OKLAHOMA LAW PROHIBITS A BOARD OF EDUCATION FOR A SCHOOL DISTRICT FROM ENTERING INTO A CONTRACT WITH A BUSINESS CONCERN WHICH EMPLOYS ANY MEMBER OF THE BOARD OR THAT MEMBER'S IMMEDIATE FAMILY. HOWEVER, 70 O.S. 5-124 AND 62 O.S. 371 DO NOT CAUSE CONTRACTS IN EXISTENCE AT THE TIME OF AN ELECTION TO BECOME VOID BY THE SUBSEQUENT ELECTION OF A BUSINESS' EMPLOYEE TO A BOARD OF EDUCATION.
2. IT IS THE FURTHER OPINION OF THE UNDERSIGNED ATTORNEY THAT THE PROHIBITIONS OF 70 O.S. 5-124 AND 62 O.S. 371 ARE NOT AVOIDED BY THE ABSTINENCE FROM VOTING BY AN EFFECTED BOARD OF EDUCATION MEMBER.
(JAMES ROBERT JOHNSON)